# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHARLES MACHINE WORKS, INC., an Oklahoma corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )   NO. CIV-04-0106-HE ) |
| VAN BUREN EQUIPMENT, INC., a California corporation, d/b/a DITCH WITCH OF THE PACIFIC, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff The Charles Machines Works, Inc. ("CMW") manufactures underground construction equipment using the Ditch Witch® trade name and sells its products worldwide through authorized dealers. Defendant Van Buren Equipment, Inc., d/b/a Ditch Witch of the Pacific ("Van Buren"), has been one of CMW's dealers for twenty-five years.[1] The parties' relationship has been governed by a series of standard rform Dealer Sales and Service Agreements.[2] The last agreement ("Dealer Agreement") expired on June 30, 2002, but the parties have continued to operate under its terms.[3] CMW filed this action seeking a

---

[1] *References to Van Buren will include both the corporate entity and Robert Van Buren, its owner.*

[2] *A copy of the Sales and Service Agreement and the Standard Provisions it incorporates are attached to the Complaint as Exhibit A. The Agreement specifies that, to the extent they do not conflict with the Agreement's provisions, Dealer Policies adopted by CMW are to be followed.*

[3] *The Dealer Agreement provides that if, after its termination or nonrenewal, the parties have business relations pertaining to any company product, "all such relations shall be governed by terms identical with the provisions of this Agreement unless the parties execute a new agreement." Dealer Agreement, Standard Provisions, Section Twenty (g). This provision*

declaratory judgment that it may terminate Van Buren as a Ditch Witch dealer for cause and without liability for damages because Van Buren has materially breached the Dealer Agreement.

Van Buren has filed a motion for summary judgment[4] asserting lack of subject matter jurisdiction. No case or controversy exists, Van Buren asserts, because the Dealer Agreement expired before the lawsuit was filed and also provides that it is terminable at will and without cause by CMW at any time.[5] Even if jurisdiction exists, Van Buren contends that the court should decline to exercise its discretion to issue a declaratory judgment. The requested decision would serve no purpose, Van Buren maintains, because of the Dealer Agreements's at will termination provision, which CMW has stated will be included in any future contracts it enters into with Van Buren.[6]

If the court determines jurisdiction exists and proceeds to determine the parties' rights and obligations, Van Buren asserts it still is entitled to summary judgment. The defendant argues that CMW waived any material breaches of the Dealer Agreement by its conduct or waived any breaches that occurred prior to September 4, 2003, the date it offered Van Buren

---

*negates Van Buren's argument that there is no case or controversy because the Dealer Agreement has expired.*

[4] *A motion for partial summary judgment was filed by CMW pertaining to the applicability of the California Equipment Dealers Act. It is addressed in a separate order.*

[5] *The termination is effective within ninety days after the dealer receives notice of it. Dealer Agreement, Standard Provisions, Section Thirteen (a).*

[6] *The Standard Provisions specify that CMW has no liability to the dealer for any compensation or damages upon the termination or nonrenewal of the Dealer Agreement. Dealer Agreement, Standard Provisions, Section Seventeen.*

a new Dealer Agreement, and there either was no subsequent material breach or, if one occurred, it was cured.

## JURISDICTION

A federal court may exercise jurisdiction over an action under the Declaratory Judgment Act, 28 U.S.C. § 2201, only in cases involving an actual controversy. Kunkel v. Continental Cas. Co., 866 F.2d 1269, 1273 (10th Cir. 1989). "[T]he test is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* at 1274 (quoting Maryland Cas. Co. v. Pacific Oil & Coal Co., 312 U.S. 270, 273 (1941)).

The court concludes an actual controversy exists between CMW and Van Buren regarding Van Buren's performance as a dealer and CMW's termination rights under the Dealer Agreement, evidenced by correspondence between the parties beginning at least two years before the lawsuit was filed. In a letter dated April 25, 2002, Darryl Brown, the Manager of CWM's Dealer Development Department, wrote Van Buren regarding the failure of Ditch Witch of the Pacific ("DWP") to properly register equipment sales:

> This failure....is yet another in a series of events that lead CMW to question the seriousness with which you approach performing your obligations as an authorized Ditch Witch dealer. Other events in question include: ... As you should be aware, your Ditch Witch Dealer Sales and Service Agreement expires June 30, 2002. I will plan to meet with you personally in California in the near future to determine if your agreement will be renewed....

Plaintiff's Exhibit 5C.[7]  In responding to CWM's allegations that DWP had not complied with certain contractual duties, Van Buren asked Brown to identify where those duties were specified in the agreement because he states:

> either you have misinterpreted the agreement, or I have missed an important section of the agreement and need to modify my behavior to be in compliance, or I am being evaluated by a criteria which doesn't exist.

Van Buren June 6, 2002 letter, defendant's Exhibit 6L.  The parties' failure to enter into a new Dealer Agreement,[8] CWM's December 11, 2003 letter[9] advising Van Buren that CMW believed sufficient cause existed to terminate DWP as an authorized dealer, and Van Buren's written response[10] also demonstrate a definite and concrete controversy "touching the legal relations of parties having adverse legal interests" exists.  Kunkel, 866 F.2d at 1273.  The exchanges between the parties, particularly Van Buren's statements in his Dec.18, 2003, letter show the existence of a real and substantial controversy.  The letter states that CMW's reliance on old disputes to constitute cause for termination showed bad faith.  It also states Van Buren's position that, having spent 25 years of his life developing the territory for his business and CMW, he would not "stand idly by" while CMW attempted to used false

---

[7] *Unless otherwise specified, the referenced exhibits are attached to the parties' briefs pertaining to Van Buren's motion for summary judgment.*

[8] *In September 2003, CMW sent Van Buren the documents necessary for the completion of a new Dealer Agreement, which he signed and returned, but CMW never executed. Defendant's Exhibit 6C.*

[9] *Defendant's Exhibit 6E.*

[10] *Defendant's Exhibit 6F.*

accusations as a basis for terminating his dealership and taking his territory without compensation. The letter demonstrates both a question as to CMW's ability to terminate a dealership without cause,[11] and "a real and immediate" threat of litigation, Norfolk Southern Railway Co. v. Guthrie, 233 F.3d 532, 534 (7th Cir. 2000), particularly when Van Buren sent a carbon copy of his December letter to an attorney.[12] *See generally* Kunkel, 866 F.2d at 1274 ("The Act enables parties uncertain of their legal rights to seek a declaration of rights prior to injury."). Summary judgment is not, therefore, warranted on the basis of the absence of jurisdiction.

### DISCRETIONARY EXERCISE OF JURISDICTION

Having found jurisdiction exists, the court is not, however, obligated to entertain the action, as the Declaratory Judgment Act gave the federal courts competence to make a declaration of rights but did not impose a duty to do. Kunkel, 866 F.2d at 1273. Factors to consider in determining whether to hear a declaratory judgment action include:

---

[11] *Part of the controversy regarding CMW's termination rights apparently stems from uncertainty regarding the applicability of the California Equipment Dealers Act to the Dealer Agreement.*

[12] *Van Buren's position regarding the necessity of cause for termination, as evidenced by his answer and assertion of various affirmative defenses, belies his argument that no controversy exists because of the Dealer Agreement's termination without cause clause. See Answer ¶¶18, 26, 27, 29, 30.*

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*;' [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d 1167, 1169 (10th Cir. 1995) (quoting State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994).

The first two factors weigh in favor of the court permitting CMW to pursue declaratory relief – a declaration of whether cause exists for CMW to terminate Van Buren's dealership would resolve the controversy and clarify the parties' relationship. The fourth and fifth do not affect the calculation as there presently is no other pending action or an apparent better remedy. The third factor, however, requires some consideration because "'a federal declaratory judgment is not a prize to the winner of the race to a courthouse,' but rather obviates the need for a race to the courthouse." Buzas Baseball, Inc. v. Bd. of Regents of the Univ. Sys. of Georgia, 189 F.3d 477, 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999) (quoting Perez v. Ledesma, 401 U.S. 82, 119 n.12 (1971) (Brennan, J., concurring in part and dissenting in part).[13]

---

[13] *Baseball, Inc., is an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).*

While there is some evidence that one of CMW's considerations in filing this action was its concern that Van Buren would file suit, there is no suggestion that the plaintiff was attempting to use this action as leverage in subsequent negotiations, *see* Obsolete Ford Parts v. Ford Motor Co., 306 F.Supp.2d 1154, 1157-58 (W.D.Okla. 2004), or filed this lawsuit immediately before it knew the defendant was going to file a state court action. *See* Runyon, 53 F.3d at 1170. *See also* Charles Machine Works, Inc. v. Digital Control Inc., 264 F.Supp.2d 980, 989-90 (W.D.Okla. 2003). Unlike the plaintiffs in Obsolete Ford Parts and Charles Machine Works, Inc., the court finds that CMW in this case is "caught in a web of extended and unending uncertainty necessitating a judicial determination of its rights," Obsolete Ford Parts, 306 F.Supp.2d at 1158 and was not "using the declaratory remedy merely for strategic maneuvering." Charles Machine Works, Inc., 264 F.Supp.2d at 990. Therefore, the court will exercise its discretion and retain the case.

## WAIVER

As an alternative basis for its motion, Van Buren asserts the plaintiff waived any alleged breaches of the Dealer Agreement or they were cured. The existence of material fact questions precludes summary judgment on this defense.[14]

---

[14] *Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence and any reasonable inferences that might be drawn from it are viewed in the light most favorable to the nonmoving party.* Simms v. Okla. ex rel. Dep't of Mental Health and Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999).

Accordingly, the court having found that a case or controversy exists, that it should exercise its discretion and entertain the action and that fact disputes preclude a decision as a matter of law on Van Buren's waiver/cure defense, the defendant's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED**.

Dated this 24th day of May, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE